# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JARED D. MCCULLOUGH, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 6:22-CV-00314-JCB |
| | § |
| v. | § |
| | § |
| BOBBY LUMPKIN, | § |
| | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Jared McCullough, a prisoner confined at the Gib Lewis Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Petitioner filed this action on August 1, 2022. (Doc. No. 1.) On August 17, 2022, the undersigned issued a deficiency order, (Doc. No. 9), which directed Petitioner to either submit the requisite $5.00 filing fee or a motion for leave to proceed *in forma pauperis* ("IFP") with an attached data sheet from the prison—within thirty days. The docket reflects that Petitioner acknowledged receipt of the court's order on August 24, 2022. (Doc. No. 10.) More than 30 days passed and Petitioner did not submit the filing fee or file a motion to proceed *in forma pauperis*. On September 14, 2022, however, Petitioner filed a motion indicating that he had sent money. (Doc. No. 11.) The court has never received any money from Petitioner. Accordingly, on October 17, 2022, the court issued a second deficiency order informing Petitioner the court was not in receipt of any money sent and that he had failed to timely comply with the court's order directing

1

him to pay the statutory filing fee or file a motion to proceed IFP with a certified data sheet. (Doc. No. 12.) The court's order granted Petitioner another extension and instructed him to submit his filing fee or certified IFP data sheet by November 14, 2022. *Id.* Again, Petitioner has not complied with the court's order by either paying the $5.00 filing fee or filing a motion to proceed IFP with a certified data sheet. On October 24, 2022, Petitioner acknowledged receipt of the court's order (Doc. No. 14) and filed a response to the court's order saying that there are issues with the mail in his Unit and that there have been repeated lockdowns that prevent him from complying with the court's order. (Doc. No. 13.) However, the record reflects that Petitioner wrote this letter on October 24, 2022 (Doc. No. 13), that it was mailed on October 26, 2022 (Doc. No. 13-1), and that the court received the letter on October 28, 2022 (Doc. No. 13). In other words, it appears that Petitioner's claim there is a mail delay is unmerited as it took no more than 4 days for his responsive letter to reach the court. Moreover, any alleged delay does not further explain why Petitioner has not been able to pay the $5.00 filing fee or submit a certified IFP data sheet in the 90 days that he has been on notice since the court's original order. (Doc. No. 9.)[1]

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed.R.Civ.P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes

---

[1] Though all filings should be made in this case pursuant to the court's consolidation order (Doc. No. 7), Petitioner has also not made any payments or filed a certified IFP data sheet in the consolidated action—Case No. 6:22-cv-318. As a result, the court would recommend dismissal of the consolidated action concomitant with this action.

on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Petitioner failed to comply with the court's August 17, 2022, order directing him to pay the requisite $5.00 filing fee or file a properly certified *in forma pauperis* data sheet within thirty days. Petitioner subsequently failed to comply with the court's October 17, 2022 order again directing him to pay the requisite $5.00 filing fee or file a properly certified *in forma pauperis* data sheet by November 14, 2022. To date, Petitioner has still not submitted the filing fee or filed a motion to proceed *in forma pauperis* despite two orders directing him to do so and a generous amount of time to comply. Petitioner's failure to comply is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

Accordingly, it is **RECOMMENDED** that the above-styled action be dismissed, without prejudice, for Petitioner's failure to comply with an order of the court. The court further recommends that Petitioner be denied a certificate of appealability, *sua sponte*—which refers to this case only and would not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and

legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 18th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE