UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00314

Consolidated with No. 6:22-cv-00318

**Jared D. McCullough,**
*Petitioner,*

v.

**Bobby Lumpkin,**
*Respondent.*

## ORDER

Petitioner Jared McCullough, an inmate of the Texas Department of Criminal Justice, proceeding pro se, filed two petitions for the writ of habeas corpus challenging his 2015 Henderson County conviction. The petitions were consolidated and have been referred to United States Magistrate Judge John D. Love.

On August 17, 2022, the magistrate judge ordered petitioner to pay the statutory habeas corpus filing fee of $5.00 or to file a properly certified inmate trust account data sheet, as required by 28 U.S.C. § 1915(a)(2). On September 14, 2022, petitioner filed a motion for copies which asserted that he had completed the necessary documents to send $350.00 to the court. When no money was received, the magistrate judge issued a second order on October 17, 2022, again ordering petitioner to pay the $5.00 filing fee or to file the data sheet. Petitioner filed a response to this order on October 28, 2022, claiming that he had authorized $350.00 to be paid to the court.

When no money was received from petitioner, the magistrate judge issued a report on November 18, 2022, recommending that the petition be dismissed for failure to prosecute or to obey an order of the court. On December 2, 2022, petitioner filed a motion for extension of time saying that he signed a request for the money to be sent to the court two months earlier and asking for more time to find out why the money had not been sent. He attached a trust fund

statement showing that a withdrawal of $350.00 for the U.S. District Court had been taken on October 21, 2022.

Court records show that on August 1, 2022, petitioner filed a civil-rights lawsuit in the Southern District of Texas styled *McCullough v. TDCJ Huntsville, et al.*, No. 4:2-cv-02623. His application for leave to proceed *in forma pauperis* was denied and he was ordered to pay the full civil-rights filing fee of $350.00. He filed—and the court granted—a motion for extension until October 31, 2022, for time to pay. Petitioner paid the $350.00 filing fee on October 31, representing that the funds were withdrawn from his account on October 21, 2022.

The payment of a filing fee for a civil-rights lawsuit in the Southern District of Texas has no bearing on a habeas petition in the Eastern District of Texas. Although the magistrate judge's orders and the habeas forms petitioner submitted both make clear that petitioner owes a filing fee of $5.00, his filings in this court only refer to a $350.00 filing fee which he owed to the Southern District.

Even construing petitioner's request for extension of time as objections to the magistrate judge's report, a de novo review shows that such objections are without merit. Petitioner does not mention the fee owed to the Eastern District in any of his filings, much less show that he attempted to comply with the magistrate judge's order.

Having reviewed the magistrate judge's report and the construed objections de novo, the court overrules petitioner's objections and accepts the report's findings and recommendations. The court orders that the petition for the writ of habeas corpus is dismissed without prejudice for failure to prosecute or to obey an order of the court. A certificate of appealability is denied.

*So ordered by the court on January 26, 2023.*

J. CAMPBELL BARKER
United States District Judge