IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JARED McCULLOUGH | § | |
| v. | § | CIVIL ACTION NO. 6:22cv314 |
| | | (consolidated with 6:22cv318) |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Jared McCullough, proceeding *pro se*, filed these consolidated petitions for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Petitioner was charged with burglary of a habitation with intent to commit a felony - aggravated assault with a deadly weapon. He pleaded guilty to burglary of a habitation with intent to commit a felony and, pursuant to a plea bargain, the aggravated assault with a deadly weapon paragraph was abandoned. There was also an enhancement paragraph alleging a previous conviction for burglary of a habitation, to which Petitioner pleaded true.

On September 1, 2015, Petitioner was sentenced to 12 years in prison. *Nunc pro tunc* judgments were entered on March 18, 2016 and November 22, 2016, but these judgments did not alter the sentence. (Docket no. 34-1, p. 11). While the initial judgment was unclear concerning the

deadly weapon finding, the two *nunc pro tunc* judgments expressly abandoned the deadly weapon allegation.[1]

Petitioner did not take a direct appeal. He signed his state habeas petition on April 8, 2021. (Docket no. 34-1, pp. 15-30). This petition was denied by the Texas Court of Criminal Appeals on May 18, 2022, without written order on the findings of the trial court after a hearing and the trial court's independent review of the record. (Docket no. 34-11, p. 1).

## II. The Federal Petitions and the Respondent's Answer

Petitioner signed his petition in cause no. 6:22cv314 on July 22, 2022. In this petition, he asserted that "I was charged with an indictment they never had jurisdiction on [trying] me by impossible dates. Many times the two judges tried to fix unfixable errors. Melanie Oldham [the court reporter] kept intercepting my applications in 2016 to file for an attorney and get back in court to sue."

Next, Petitioner says that he suffers from "schizophrenic bipolar depression syndrome" and was on heavy medications, which he says should have resulted in a "guaranteed mental evaluation" under Tex. Code Crim. Pro. 16.22, regardless of what his mental illness was or what he was taking at the time.

Third, Petitioner says that he signed for a 12-year sentence for a crime which he knew he did not commit because his attorney told him to. He says that his attorney told him that the aggravated part was dropped, but Petitioner says that he never knew he was agreeing to having a weapon which he did not have. He states that "I wrote to get back to court by them changing plea term agreements

---

[1] The original judgment sentenced Petitioner to 12 years in prison. In a section entitled "verdict for offense," the judgment said "guilty to paragraph A, abandon paragraph B, true to enhancement paragraph," but also said "guilty" to the affirmative finding of the deadly weapon. The March 16 *nunc pro tunc* judgment said "guilty to paragraph A, abandon paragraph B, true to enhancement paragraph," and said "abandon deadly weapon finding." The November 22, 2016 *nunc pro tunc* judgment contains a section entitled "verdict for offense" which says "guilty; true to paragraph A, abandon paragraph B." A separate section entitled "finding on enhancement" reads "true to enhancement paragraph" and the affirmative finding section reads "abandon deadly weapon finding." (Docket no. 34-1, pp. 7-12).

also." Petitioner also says that there were no signs of violence, bruises, or broken property, apparently indicating that the alleged incident took place at a house where he had lived at on and off "due to family issues and bills."

In his petition in cause no. 6:22cv318, Petitioner says that he was indicted a month before the actual crime, but the State lied and said he had committed the crime on January 27, 2015; he states that this date is impossible because he was visiting his mother's house. Petitioner explains that at a hearing, his wife said that the date was wrong and the judge filed a *nunc pro tunc* judgment to correct the dates. Petitioner also contends that he was denied a mental evaluation under Tex. Code Crim. Pro. Art. 16.22, a weapon was cited in his case which never existed, his attorney at trial, Christopher Tinsley, told him that his mental illness and medications did not matter, he was charged with breaking into his house with a knife he never had, and he had a court-appointed attorney named Shari Moore for his state habeas proceeding who is not helping him.

In a "notice in support" (docket no. 28 in cause no. 6:22cv314), Petitioner states that the trial judge "made a statement and action to confine my wife who is still my wife and son's testimony to his court that was beyond credible evidence that I was lied on and conspired against by my wife Cizzette Acosta McCullough and her share of friends to get me locked up and out of the way from being my wife's and children's true guidance." He also complains that he received ineffective assistance of counsel from his appellate attorney (apparently referring to Moore).

The Respondent has filed an answer arguing that Petitioner's claims are barred by the statute of limitations. Petitioner did not file a reply to the answer.

## II. Discussion

### A. The Law on Limitations

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)**     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  **(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application of the Law to the Facts

Petitioner was convicted on September 1, 2015, and did not take a direct appeal. Consequently, his conviction became final at the expiration of his time to do so. 28 U.S.C. §2244(d)(1)(A); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Texas law provides that in a criminal case, a notice of appeal must be filed within 30 days after sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2; *see* Williams v. State, 603 S.W.3d 439, 448 (Tex.Crim.App. 2020).

While the trial court engaged in *nunc pro tunc* proceedings, the Fifth Circuit has explained that in order to toll the limitations period under 28 U.S.C. §2244(d)(2), the proceedings at issue must have at least sought review of the judgments under which Petitioner is in custody. Harrelson v. Swan, 381 F.App'x 336, 2010 U.S. App. LEXIS 11903, 2010 WL 2340827 (5th Cir., June 10, 2010). In Texas, a *nunc pro tunc* entry of judgment is proper to correct clerical errors in the judgment in order to reflect the judgment as it was actually ordered by the trial court at the time of trial but which for some reason was not entered properly. Ex Parte Poe, 751 S.W.2d 873, 876 (Tex.Crim.App. 1988). In the present case, the *nunc pro tunc* judgments did not concern the substance of the

conviction but simply clarified the abandonment of the deadly weapon allegation, which was part of the plea agreement. Because Petitioner does not challenge the correction but rather the underlying judgment, the statute of limitations began to run when the original judgment became final. *See also* Gonzalez v. Lumpkin, civil action no. B-21-76, 2021 U.S. Dist. LEXIS 203176, 2021 WL 4896584 (S.D.Tex., September 15, 2021), *Report adopted at* 2021 U.S. Dist. LEXIS 202457, 2021 WL 4985722 (S.D.Tex., October 20, 2021); Gobert v. Director, TDCJ-CID, civil action no. 1:09cv245, 2010 U.S. Dist. LEXIS 798, 2010 WL 56064 (E.D.Tex., January 6, 2010).

Consequently, Petitioner's conviction became final when his time to appeal the original judgment expired, on October 1, 2015. His limitations period began to run at that time, and expired on October 1, 2016, absent the operation of other factors.

In this regard, Petitioner does not point to any state-created impediments which allegedly prevented him from seeking habeas corpus relief in a timely manner. Nor does he contend that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Although Petitioner did file a state habeas corpus petition, this petition was signed on April 8, 2021, some four and a half years after his limitations period expired. The Fifth Circuit has held that a state habeas petition filed after the federal limitations period has expired does not revive any portion of that period. Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Consequently, Petitioner's state habeas petition did not toll any portion of the federal limitations period, which expired on October 1, 2016.

In response to a question about the statute of limitations in cause no. 6:22cv314, Petitioner raises an issue concerning parole or mandatory supervision eligibility which does not pertain to his underlying conviction. In response to the same question in cause no. 6:22cv318, Petitioner stated "my petition is a civil matter and I brought up the other issues of my rights, civil rights being violated, which is why there is no statute of my claims." Neither of these arguments provide any basis for tolling or otherwise evading the statute of limitations.

C. Actual Innocence

While a "persuasive showing" of actual innocence can serve as a gateway through which a petitioner may pass to evade the statute of limitations, *see* McQuiggin v. Perkins, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), the Supreme Court stated that examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. Thus, the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction. Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).

Petitioner argues that he is actually innocent by stating that the indictment set out an "impossible date" for the crime, there were no signs of violence, bruises, or broken property, he lived in the house "on and off" which he was alleged to have burglarized, and he did not have a knife. He does not show that any of this alleged evidence is "new;" on the contrary, the evidence which Petitioner cites was always within the reach of his personal knowledge or reasonable investigation, and thus does not fall within the Schlup standard. Hancock v. Davis, 906 F.3d 387, 389-90 (5th Cir. 2018).

Petitioner wholly fails to offer any new reliable evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence not presented at trial, in light of which no reasonable juror would have voted to convict him beyond a reasonable doubt. The Fifth Circuit has held that conclusory allegations of actual innocence are insufficient. Reyes Rivera v. Davis, slip op. no. 28-40159, 2018 U.S. App. LEXIS 37662, 2018 WL 11297661 (5th Cir.,

November 13, 2018); Cannon v. McCain, slip op. no. 16-30778, 2017 U.S. App. LEXIS 20386, 2017 WL 4570498 (5th Cir., July 6, 2017).

In any event, this Court and others have held that because the required showing is one of factual innocence, a petitioner's guilty plea forecloses a claim of actual innocence for limitations purposes. Gilmer v. Director, TDCJ-CID, civil action no. 6:19cv208, 2021 WL 5088261 (E.D.Tex., July 6, 2021), *Report adopted at* 2021 WL 4189740 (E.D.Tex., September 15, 2021), *aff'd through denial of certificate of appealability*, slip op. no. 21-40837 (5th Cir., May 10, 2022); *see also* Scott v. Director, TDCJ-CID, civil action no. 6:19cv605, 2020 U.S. Dist. LEXIS 244304, 2020 WL 7776793 (E.D.Tex., October 2, 2020), *Report adopted at* 2020 U.S. Dist. LEXIS 244163, 2020 WL 7773573 (E.D. Tex., December 29, 2020); Mayo v. Quarterman, civil action no. 3:05cv505, 2006 U.S. Dist. LEXIS 102935, 2006 WL 3755221 (N.D. Tex., Dec. 21, 2006). Because Petitioner pleaded guilty, he is foreclosed from the actual innocence exception on this basis as well.

D. Equitable Tolling

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons for equitable tolling of the statute of limitations. Felder, 204 F.3d at 173; *see also* Fisher v. Johnson, 174 F.3d 710, 713 n.11 (5th Cir. 1999). The petitioner has the burden of establishing that equitable tolling is warranted. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), *modified on rehearing*, 223 F.3d 797 (5th Cir. 2000).

The Supreme Court has stated that equitable tolling applies in federal habeas corpus challenges to state convictions, but that a petitioner may be entitled to such tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his

way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See* Davis, 158 F.3d at 811. At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996).

The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). This comports with the Supreme Court's holding that "reasonable diligence" is required for entitlement to equitable tolling. Holland, 560 U.S. at 649; *see also* Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013).

Petitioner's conviction was rendered on September 1, 2015, and became final on October 1, 2015. From that date, he waited some five and a half years before signing his first state habeas corpus petition in April of 2021. He presents no reason for this delay, and this extraordinary lapse of time plainly shows a lack of reasonable diligence. Stroman v. Thaler, 603 F.3d 299, 301-02 (5th Cir. 2010); *see also* Hardy v. Quarterman, 577 F.3d 596, 698 (5th Cir. 2009) (noting that the petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control, and delays of the petitioner's own making do not qualify).

Even if the *nunc pro tunc* judgments did reset the limitations clock, Petitioner's petition is still barred by the statute of limitations. The second of these *nunc pro tunc* judgments was rendered on November 22, 2016, and no appeal was taken. Assuming this judgment restarted all of the relevant time periods, Petitioner's conviction would have become final on Thursday, December 22, 2016. His one-year federal limitations period would have started at that time and elapsed on Friday, December 22, 2017, which is still over three years before he filed his first state habeas petition. Petitioner has failed to show any entitlement to equitable tolling of the statute of limitations.

E. Other Claims

The original petition in cause no. 6:22cv314 made a brief reference to prison disciplinary cases but offered no specific facts regarding these cases. In answer to a question as to why the petition should not be barred by the statute of limitations, Petitioner said "they took my short way when they finally found out I had one now it's discretionary mandatory supervision release once a year they just bring me up for but it's not mandatory if it's discretionary and I want to sue them for double jeopardy." (Docket no. 1, p. 9). This obscure statement does not appear to set out any viable grounds for habeas corpus relief.

Petitioner's "notice in support" also complains of the conditions of confinement within the prison. *Pierre v. U.S.*, 525 F.2d 933, 936 (5th Cir. 1976) (the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody and cannot be used for any other purpose, including adjudicating matters foreign to the question of the legality of custody); *accord*, *Cook v. Hanberry*, 596 F.2d 658, 660 n.1 (5th Cir. 1979). These include complaints about being fed through a "nasty, contaminated bean slot," having to use the restroom less than four feet from where he sleeps, and the lack of medical attention at the prison unit where he is confined.

These claims should be dismissed without prejudice to Petitioner's right to raise them in a separate lawsuit under the Civil Rights Act, 42 U.S.C. §1983. Such a lawsuit would be subject to the filing fee and other requirements of the Prison Litigation Reform Act. *See Howard v. Director*, TDCJ, civil action no. 9:11cv148, 2013 U.S. Dist. LEXIS 58903, 2013 WL 949380 (E.D.Tex., February 6, 2013), *Report adopted at* 2013 U.S. Dist. LEXIS 32847, 2013 WL 943437 (E.D.Tex., March 8, 2013, no appeal taken) (prisoners cannot evade the filing fee requirements of the Prison Litigation Reform Act by filing civil rights claims in habeas corpus petitions).

**III. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the

district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability will issue only if the petitioner has made a substantial showing of the denial of a federal right. 28 U.S.C. §2253(c)(2). In order to make such a showing, the petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Gonzalez v. Thaler, 565 U.S. 134, 140-41, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012), *citing* Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner's federal habeas corpus petition is barred by the statute of limitations. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. 28 U.S.C. §2244(d). It is further recommended that a certificate of appealability be denied *sua sponte*. Finally, it is recommended that Petitioner's claims concerning prison disciplinary action, release on mandatory supervision, and conditions of confinement be dismissed without prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 11th day of September, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE