UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00314

Consolidated with No. 6:22-cv-00318

**Jared D. McCullough,**
*Petitioner,*

v.

**Bobby Lumpkin,**
*Respondent.*

# ORDER

Petitioner Jared McCullough, an inmate of the Texas Department of Criminal Justice proceeding pro se, filed these consolidated petitions for the writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction. The consolidated petition was referred to United States Magistrate Judge John D. Love.

Petitioner pleaded guilty to burglary of a habitation with intent to commit a felony, with an enhancement paragraph alleging a previous conviction for burglary of a habitation. On September 1, 2015, petitioner was sentenced to 12 years in prison. The initial judgment was unclear as to whether there was a deadly weapon finding, but nunc pro tunc judgments expressly abandoned the deadly weapon allegation.

Petitioner did not take a direct appeal. He signed his state habeas corpus petition on April 8, 2021. This petition was denied without written order by the Texas Court of Criminal Appeals on May 18, 2022. Petitioner signed his federal habeas petition in this case on July 22, 2022.

The respondent was ordered to answer the petition and filed a response arguing that petitioner's claims were barred by the statute of limitations. Petitioner did not file a response to the answer.

After review of the pleadings and records, the magistrate judge issued a report (Doc. 37) recommending that the petition be

dismissed with prejudice as barred by the statute of limitations. 28 U.S.C. § 2244(d).

In his objections, petitioner argues that he has newly discovered evidence showing that he is actually innocent, although he does not identify any such evidence. He says that the judge, the prosecutor, and his defense attorney knew that the house in question belonged to him and "you cannot burglarize your own house," but he offers nothing to suggest that this evidence was unknown to him or outside the reach of his reasonable investigation at the time of trial. This does not qualify as "newly discovered evidence" sufficient to evade the statute of limitations. *Hancock v. Davis*, 906 F.3d 387, 389–90 (5th Cir. 2018).

Petitioner also asserts that a third nunc pro tunc motion was filed in 2022 at his appeals hearing, and that this starts the limitations period over again. The online records of Henderson County do not reflect either the filing or granting of a nunc pro tunc motion in 2022. In any event, the Fifth Circuit has stated that nunc pro tunc proceedings are not necessarily "collateral review" of a conviction and thus do not automatically toll the limitations period. *Harrelson v. Swan*, 381 F. App'x 336, 338 (5th Cir. 2010).

Finally, petitioner complains that his attorney did not give him his discovery packet or his case papers, nor did counsel advise him of his right to appeal. These issues have no bearing on whether or not the petition is barred by the statute of limitations, as the magistrate judge correctly determined.

Having reviewed the magistrate judge's report and the petitioner's objections de novo, the court overrules the petitioner's objections and accepts the findings and recommendations of the magistrate judge's report. The court orders that the petition for the writ of habeas corpus is dismissed with prejudice. To the extent petitioner raises other issues, such as prison disciplinary action, release on mandatory supervision, and conditions of confinement, those claims are dismissed without prejudice. A certificate of appealability is denied sua sponte, with the denial of this certificate referring only to an appeal of this case and having no

effect upon petitioner's right to seek relief concerning those matters dismissed without prejudice.

*So ordered by the court on October 24, 2023.*

									_____
									J. CAMPBELL BARKER
									United States District Judge